IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

BENNIE DONALD CHADWICK,      )
JR.,                         )
                             )
        Plaintiff,           )
                             )
v.                           )        CASE NO. 3:15-cv-295-GMB
                             )        (WO – Do Not Publish)
CAROLYN W. COLVIN,           )
                             )
        Defendant.           )

**MEMORANDUM OPINION AND ORDER**

On June 29, 2012, Plaintiff Bennie Donald Chadwick, Jr. ("Chadwick") applied for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, respectively, alleging a disability onset date of September 12, 2011 for both claims. Chadwick's claims were denied at the initial administrative level. Chadwick then requested and received a hearing before an Administrative Law Judge ("ALJ"). On December 9, 2013, the ALJ held a video hearing and, on March 7, 2014, denied Chadwick's claims. Chadwick requested a review of the ALJ's decision by the Appeals Council ("AC") and that request was denied on February 27, 2015. Thus, on that date, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").

The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and Rule 73.1 of the Local Rules for the United States District Court Middle District of Alabama, the parties have consented to have

the undersigned United States Magistrate Judge conduct all proceedings in this case and enter a final judgment.  Based on the court's review of the record and the relevant law, the court finds that the decision of the Commissioner is due to be affirmed.

## I.  STANDARD OF REVIEW

The court reviews a social security case to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997).  The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (internal quotations omitted).  Moreover, the court must affirm the Commissioner's decision "if it is supported by substantial evidence and the correct legal standards were applied." *Kelly v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)).

"Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Jones ex rel. T.J.J. v. Astrue*, No. 1:10-cv-328-TFM, 2011 WL 1706465, at *1 (M.D. Ala. May 5, 2011) (citing *Lewis*, 125 F.3d at 1440).  The court must scrutinize the entire record to determine the reasonableness of the decision reached. *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987).  "If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as a finder of fact,

2

and even if the court finds that the evidence preponderates against the Commissioner's decision." *Jones*, 2011 WL 1706465 at *2 (citing *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991)). The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Id.* (citing *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II.  STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Chadwick bears the burden of proving that he is disabled, and he is responsible for producing evidence to support his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a) (2012).  Specifically, the Commissioner must determine in sequence:

(1)  Is the claimant presently unemployed?

(2)  Is the claimant's impairment severe?
(3)  Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4)  Is the claimant unable to perform his or her former occupation?
(5)  Is the claimant unable to perform any other work within the economy?

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (quoting 20 C.F.R. § 416.920(a)−(f)).  "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

### III.  DISCUSSION

#### A.    Facts

Chadwick was forty-nine years old at the time of the ALJ's decision.  He dropped out of school after the eighth grade and later obtained his general education degree.  His past employment experience includes work as a pizza deliverer, a used car cleaner, a termite extinguisher, and a poultry boner.

Following an administrative hearing, the ALJ found that Chadwick suffered from the following severe impairments: obesity, mild degenerative disc disease, depression, post-traumatic stress disorder ("PTSD"), dysthymic disorder, degenerative joint disease, chrondromalacia, hearing loss, obstructive sleep apnea, and asthma. Tr. 17.  The ALJ found that Chadwick suffered from the non-severe impairments of hypertension and gastroesophageal reflux disease. Tr. 18.  Despite these impairments, and after considering

4

the entire record, the ALJ found that Chadwick did not have an impairment or combination of impairments that meets or medically equals the severity of one of those listed in the applicable regulations. Tr. 18. The ALJ further found that Chadwick has the residual functional capacity to perform a significant range of light work and is capable of performing his past relevant work as a poultry boner. Tr. 20, 28. Ultimately, the ALJ concluded that Chadwick was not disabled within the meaning of the Social Security Act from September 12, 2011, his alleged disability onset date, through the date of the ALJ's decision, and denied Chadwick's claims as a result. Tr. 28.

On May 9, 2014, Chadwick requested a review of the ALJ's decision by the AC. On December 16, 2014, Chadwick submitted additional evidence to the AC for consideration. This evidence was a December 10, 2014 Department of Veterans Affairs ("VA") Decision Review Officer opinion granting Chadwick VA nonservice-connected pension benefits with an effective date of January 10, 2013. Tr. 334. The VA's decision was based on its finding that Chadwick is permanently disabled due to sleep apnea, depression, low back pain, and obsessive compulsive disorder, and that Chadwick is unable to secure and to maintain substantial gainful employment due to his disability. Tr. 333−340. Chadwick argued that the VA's decision was both "new and material," and—had it been considered by the ALJ—could have reasonably resulted in the ALJ reaching a different outcome on Chadwick's social security claims. Tr. 334−35. The AC expressly made the December 2014 VA decision part of its record but still denied Chadwick's petition for review. Tr. 2−5.

**B.    Issue Presented**

The only issue presented to the court is whether the VA decision was new and material evidence sufficient to support a remand. Doc. 10.  The parties' briefs provide the court with little in the way of substantive guidance on this point.  The main argument section of Chadwick's brief consists of three paragraphs, while the Commissioner's consists of just two, and neither party clearly articulates the type of remand Chadwick is seeking nor discusses with specificity any record evidence or case law in support. *See* Docs. 10 & 11.  Nevertheless, after careful consideration of the parties' briefs, the applicable case law, all medical evidence, and the record as a whole, the court finds that a remand is not warranted.

Generally, a claimant is allowed to present new evidence at each stage of the administrative process. *Poellnitz v. Astrue*, 349 Fed. App'x 500, 503 (11th Cir. 2009) (per curiam).  "The AC must consider new, material, and chronologically relevant evidence and must review the case if the ALJ's 'action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id.* (quoting 20 C.F.R. § 404.970(b)).

Section 405(g) permits a district court to remand an application for benefits to the Commissioner by two methods:

> (1)  under sentence four of the statutory provision, the court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing"; or
> (2)  under sentence six, the court may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

*Id.* (quoting 42 U.S.C. § 405(g)).

Sentence-four remands are appropriate when the evidence was properly before the Commissioner, but the AC did not adequately consider the additional evidence. *Id.* at 504. "Generally speaking, to warrant a sentence-four remand, the court must either find that the decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim." *Id.*  Sentence-six remands, on the other hand, are "available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007).  "Sentence six 'does not grant a district court the power to remand for reconsideration of evidence previously considered by the [AC].'" *Poellnitz*, 349 Fed. App'x at 504 (quoting *Ingram*, 496 F.3d at 1267).  Thus, remand to the Commissioner is warranted under sentence six when (1) new, non-cumulative evidence exists; (2) the evidence is material; and (3) good cause exists for the claimant's failure to submit the evidence at the administrative level. *Id.* (citing *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001); *Ingram*, 496 F.3d at 1267).

In this case, the VA decision was reached after the ALJ's March 2014 decision. Chadwick submitted the VA's decision to the AC for its review, and the AC expressly made the VA decision part of its record, stating that it specifically considered this additional evidence, along with Chadwick's other proffered reasons for disagreeing with the ALJ's decision, when denying Chadwick's petition for review. Tr. 1−5.  Thus, on this record, it cannot be said that Chadwick has met the criteria to obtain a sentence-six remand, as there is no dispute that the AC made the VA decision part of its record and specifically

7

considered this evidence, along with Chadwick's other proffered reasons for disagreeing with the ALJ's decision, when it denied Chadwick's petition for review.  Even when taking the VA decision into consideration, the AC found that it did "not provide a basis for changing the Administrative Law Judge's decision." Tr. 1−2.  In other words, the AC concluded that—despite the VA's disability finding—the ALJ's actions, findings, or conclusions were still supported by substantial evidence. Tr. 1−2.  That is all the explanation the AC is required to provide. *See Mitchell v. Comm'r*, 771 F.3d 780, 782−84 (11th Cir. 2014) (affirming the AC's decision where it merely explained that it had considered additional evidence but "the information did not provide a basis for changing the ALJ's decision"); *Beavers v. Soc. Sec. Admin., Comm'r*, 601 Fed. App'x 818, 821 (11th Cir. 2015) (per curiam) (discussing *Mitchell* and finding that the Appeals Council did not err in denying claimant's petition for review); *Collins v. Colvin*, No. 2:14-cv-01429, 2015 WL 5288882, at *6 (N.D. Ala. Sept. 8, 2015) (affirming where AC stated only that it considered "the additional evidence listed").

Thus, the court construes Chadwick to be seeking a sentence-four remand, and the question then becomes whether the record, including the VA decision, supports the Commissioner's decision.  "Stated another way, 'when a claimant properly presents new evidence to the Appeals Council [but the Appeals Council denies review], a reviewing court must consider whether the new evidence renders the denial of benefits erroneous.'" *Collins*, 2015 WL 5288882 at *6 (quoting *Beavers*, 601 Fed. App'x at 822).

In this inquiry, the VA's disability decision is not dispositive.  Indeed, it is a well-settled proposition that a decision by any other agency regarding a claimant's disability

8

status is not binding on the Social Security Administration's determination of a claimant's disability. 20 C.F.R. § 404.1504.  The ALJ or AC is required to consider the VA decision along with the rest of the record, which is precisely what the AC did here.

Moreover, Chadwick has failed to show that, even if the ALJ had considered the VA decision, there is a reasonably possibility that the result of his social security proceedings would have been different.  For example, the ALJ noted that during a doctor's visit in June 2013 (during the time of his total disability as determined by the VA), Chadwick complained of increased back pain, yet admitted that he was in school and carried a backpack, and that he was not using his prescribed continuous positive airway pressure ("CPAP") machine to treat his sleep apnea. Tr. 25.  Although Chadwick used a walker at this appointment, he was observed walking with a steady gait without any assistive device when he arrived at the VA clinic the next month. Tr. 25.  It was also noted that, during this timeframe, Chadwick was counseled on complying with his prescribed treatments because he had "missed a few months," leading the ALJ to conclude that "[t]he failure to comply with prescribed treatment tends to suggest that the claimant's symptoms may not have been so severe as to require ongoing and continuous interventional medical treatment."[1] Tr. 25.  Finally, the ALJ had already considered and rejected a September 13,

---

[1] Indeed, throughout his decision, the ALJ noted Chadwick's lack of credibility and potential "symptom magnification," stating that

> The reports shows that the claimant demonstrates a functional capacity for normal ambulation at times, and then he demonstrates limited effective abilities for ambulation without assistive device when he is requesting additional resources from the Veterans facilities.  The claimant's inconsistent presentation with respect to his demonstrated capacity for ambulation suggests that the claimant's symptoms

2013 opinion from a Central Alabama VA nurse practitioner who stated that Chadwick was "vocationally challenged and unemployable." Tr. 27 & 724.  In rejecting this opinion, the ALJ noted, among other things, that the nurse's "opinion is simply not supported by the longitudinal medical evidence of record . . . that shows only minimal findings on objective testing and physical findings on examination that are incongruent with the claimant's allegations of severe pain and limitation." Tr. 27.  Given these conclusions by the ALJ, along with his ultimate finding that "the evidence as a whole does not confirm disabling pain and limitations from the claimant's underlying medical conditions," the court concludes that the VA's subsequent disability decision would not have lead the ALJ to reach a different conclusion, particularly in light of the weight of medical evidence militating against disability.

In sum, because the AC properly considered and evaluated the VA decision and determined that the ALJ's decision remained supported by substantial evidence, and because Chadwick has otherwise failed to demonstrate that the ALJ's decision is not supported by substantial evidence or incorrectly applied the relevant law to his disability claims, Chadwick's claim that the AC erroneously failed to remand his case is without merit. *See Scott v. Astrue*, No. 1:08-cv-213-MP-AK, 2010 WL 916395, at *12−13 (N.D. Fla. Mar. 10, 2010) (declining to remand case when the AC considered a revised VA

---

may not be as severe as alleged in connection with his efforts to obtain secondary gain, including this application for disability benefits.

Tr. 26.

disability rating that was entered after the ALJ's decision and found that the ALJ's decision remained supported by substantial evidence).

## IV.  CONCLUSION

Based on the foregoing, it is ORDERED that the decision of the Commissioner denying benefits is AFFIRMED.  A final judgment consistent with this Memorandum Opinion and Order will be entered separately.

DONE this 12th day of February, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE